# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MOHAMED ALI AL MADFAI,**

        **Petitioner,**

**-vs-**
                               **Case No.  6:07-cv-1168-Orl-22DAB**
                                   **(6:06-cr-46-Orl-22DAB)**

**UNITED STATES OF AMERICA,**

        **Respondent.**

_____

## ORDER

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).  Petitioner also filed a supporting memorandum of law (Doc. 2).  The Government filed a response (Doc. 4) to the section 2255 motion in compliance with this Court's instructions and with *The Rules Governing Section 2255 Cases in the United States District Courts*.  Petitioner thereafter filed a reply (Doc. 6) to the Government's response.

Petitioner alleges nine claims for relief in his motion, all premised on his attorney's alleged ineffective assistance of counsel at various stages of the criminal proceeding.  Specifically, Petitioner claims that his attorney: (a) failed to employ a forensic expert, for sentencing purposes, to inspect Petitioner's computer (claim one); (b) coerced him into signing an unfavorable plea agreement by promising a lower sentence (claim two); (c) failed to properly advise him with respect to a waiver of his right to appeal or collaterally challenge his sentence (claim three); (d) failed to employ an expert, for sentencing purposes, to conduct a psychological evaluation of Petitioner (claim four); (e) failed to seek a downward departure from the recommended sentencing

guideline range (claim five); (f) failed to object to the application of a sentence enhancement based on distribution of pornographic images (claim six); (g) failed to object to the application of a sentence enhancement based on the number of images (claim seven); (h) failed to object to the application of a sentence enhancement based on the age of the minors depicted in the images found on Petitioner's computer (claim eight); and (i) failed to object to the application of a sentence enhancement based on the images' depictions of violence (claim nine).

## I.    *Procedural History*

Petitioner was charged in a two-count indictment with knowingly and intentionally mailing, transporting, and shipping child pornography in interstate and foreign commerce (count one), and knowingly attempting to possess, or possessing, material containing images of child pornography (count two).  (Criminal Case No. 6:06-cr-46-Orl-22DAB, Doc. 1, filed April 5, 2006).[1]  On June 9, 2006, pursuant to a written plea agreement (Criminal Case Doc. 28), Petitioner entered a plea of guilty to count two of the indictment.  The guilty plea was accepted, and Petitioner was adjudicated guilty of possession of child pornography.  At the sentencing hearing, the Court dismissed count one of the indictment, pursuant to the written plea agreement, and sentenced Petitioner to a 78 month term of imprisonment on count two (Criminal Case Doc. 37).

## II.    *Claims One, Four, Five, Six, Seven, Eight and Nine Are Barred By Petitioner's Waiver*

Petitioner entered into a written plea agreement with the Government (Criminal Case Doc. 28).  Pursuant to the agreement, Petitioner agreed

> that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to **appeal** [his] sentence or to **challenge it**

---

[1] Criminal Case No. 6:06-cr-46-Orl-22DAB will be referred to as "Criminal Case."

**collaterally** on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds [his] applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18 United States Code, Section 3742(b), then [he] is released from his waiver and may appeal the sentence as authorized by Title 18 United States Code, Section 3742(a).

*Id*. at 10-11 (emphasis added).  During his change of plea hearing, Petitioner specifically

acknowledged that he had discussed this waiver with his counsel.  In addition, upon direct inquiry

by the Court, Petitioner acknowledged he was giving up his "right to appeal or contest [his]

sentence directly or collaterally except for those provisions that are in the plea agreement . . . ."

(Criminal Case Doc. 38 at 13).

In *Williams v. United States*, 396 F.3d 1340 (11th Cir. 2005), the Eleventh Circuit Court of

Appeals determined that a valid sentence-appeal waiver, entered into voluntarily and knowingly

pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral

proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.

*Id*. at 1342.  However, the *Williams* court left unanswered the question of whether ineffective

assistance of counsel claims concerning the validity of the waiver or the plea would survive such a

waiver.  *Id.* at 1342 n.2.  Courts outside of the Eleventh Circuit have held that "an ineffective

assistance of counsel argument survives a waiver of appeal only when the claimed assistance

directly affected the validity of that waiver or the plea itself."  *United States v. White*, 307 F.3d

336, 343 (5th Cir. 2002); *see also Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001)

("When a defendant knowingly, intelligently, and voluntarily waives the right to collaterally

attack his or her sentence, he or she is precluded from bringing a claim of ineffective assistance of

counsel based on 28 U.S.C. § 2255."); *DeRoo v. United States*, 223 F.3d  919, 924 (8th Cir. 2000)

("Dismissal of a section 2255 motion on the basis of a waiver in the plea agreement is

inappropriate when the defendant's claims of ineffective assistance relate to the negotiation of,

and entry into, the plea agreement and waiver.").  Therefore, Petitioner's knowing and voluntary

waiver in the plea agreement generally bars him from pursuing collateral relief under § 2255,

including any ineffective assistance of counsel claim that does not directly affect the validity of

the waiver or the plea itself.

In the instant case, this Court concludes that the plea agreement and waiver were knowing

and voluntary.  As set forth above, the Court addressed the appeal/collateral waiver during the

change of plea hearing (Criminal Case Doc. 38 at 13).  In reviewing the constitutional adequacy of

a guilty plea, the Eleventh Circuit has indicated as follows:

> A reviewing federal court may set aside a state court guilty plea only for failure to
> satisfy due process:  If a defendant understands the charges against him,
> understands the consequences of a guilty plea, and voluntarily chooses to plead
> guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal
> review.

*Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir. 1991) (quotation omitted) (citation omitted).  As

discussed by the Fifth Circuit in *United States v. Gaitan*, 954 F.2d 1005 (5th Cir. 1992):

> The consequences of a guilty plea, with respect to sentencing, mean only that the
> defendant must know the maximum prison term and fine for the offense charged.
> As long as [the defendant] understood the length of the time he might possibly
> receive, he was fully aware of his plea's consequences.

*Id*. at 1012 (quotation omitted) (citations omitted).

The Court in this case conducted a thorough and comprehensive plea colloquy.  Petitioner

stated under oath that he was not threatened or subjected to improper pressure of any kind in order

to get him to plead guilty.  (Criminal Case Doc. 38 at 6-7.)  Petitioner acknowledged that he had

reviewed the information with his attorney and that he was satisfied with his attorney's services.

*Id*. at 6.  Petitioner also stated that he understood the nature of the charges against him, the

maximum penalties for each charge, and the rights he would waive by entering a plea.  *Id*. at 5, 9,

15-17.  These representations constitute "a formidable barrier in any subsequent collateral

proceedings.  Solemn declarations in open court carry a strong presumption of verity."  *Blackledge

v. Allison*, 431 U.S. 63, 73-74 (1977).

A review of the record reveals that Petitioner also understood the full significance of his

waiver of collateral relief.  *See United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001)

("To establish the waiver's validity, the government must show either that (1) the district court

specifically questioned the defendant about the provision during the plea colloquy, or (2) it is

manifestly clear from the record that the defendant fully understood the significance of the

waiver."); *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993) ("[F]or a sentence

appeal waiver to be knowing and voluntary, the district court must have engaged the defendant

about the sentence appeal waiver during the Rule 11 hearing.").  Furthermore, all of the claims

asserted by Petitioner in the instant § 2255 motion, save claims two and three, concern matters that

have no bearing on the validity of the plea or the waiver.  Since the plea and the waiver were

knowingly, intelligently, and voluntarily entered, the waiver provision in Petitioner's plea

agreement precludes this Court from considering claims one, four, five, six, seven, eight, and nine.

## III.    *Claims Two and Three*

To the extent that claims two and three attack the validity of the plea and the waiver

provision of the plea agreement, the Court finds these claims are without merit.

#### A.      The Legal Standard

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2]  *Id*. at 687-88.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Id*. at 689-90.  "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel

> has nothing to do with what the best lawyers would have done.  Nor is the test even what most good lawyers would have done.  We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial.  Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight.  *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy.  We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted).  Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of

---

[2] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

**B.     *The Supporting Affidavit***

In support of his motion, Petitioner submits the affidavit of Mr. Myles H. Malman, a former state and federal prosecutor and 15-year veteran of the private practice of criminal defense law. *See* Doc. 1, Ex. A. In the affidavit, Mr. Malman asserts that, in his professional opinion, Petitioner's attorney was ineffective and, as a result, Petitioner's defense was prejudiced. Mr. Malman bases his opinion on several factors, including the attorney's "failure to negotiate with the government on behalf of his client regarding the terms of the plea agreement, and his acceptance of the first plea offer tendered by the government," and the attorney's "failure to properly explain the waiver of appellate rights to [Petitioner]." (Doc. 1, Ex. A at 2.) The Court notes that the affidavit is full of statements that clearly are not within the personal knowledge of the affiant. In fact, Mr. Malman's affidavit does no more than merely recite the deficiencies alleged by Petitioner, and, as such, offers the Court no insight into how a "reasonable attorney" would have handled things differently. Such conclusory assertions are of little value to the Court in evaluating Petitioner's claims.

**C.     *Claim Two***

In claim two, Petitioner alleges that he was denied ineffective assistance of counsel when his attorney advised him to sign the plea agreement. Specifically, Petitioner claims that his attorney advised him that he would receive a minimum of five years imprisonment if convicted at trial, whereas he would be sent home to the United Arab Emirates immediately after sentencing if he pled guilty. Petitioner maintains that his youth and status as a foreign citizen rendered him

unable to fully understand the legal process and led him to "blindly trust[]" his lawyer.  (Doc. 1 at 8.)  As a result, Petitioner argues, his entry into the plea agreement was not knowing and voluntary, but instead "in effect coerced."  *Id*.  Had his attorney provided him with a full understanding of the facts of his case, Petitioner claims, he would not have pled guilty, or, at the very least, would have requested that his attorney bargain for a more favorable plea deal.

The Court finds that the attorney's assistance in this instance was not ineffective and, thus, did not render Petitioner's plea invalid.  The record shows that at the change of plea hearing, the Court asked Petitioner whether he understood  that his attorney's prediction as to the sentence to be imposed might not be accurate and that any inaccuracy would not give rise to withdrawal of the plea.  (Criminal Case Doc. 38 at 11.)  Petitioner, while under oath, indicated that he understood. *Id*.  As discussed earlier, these representations constitute "a formidable barrier in any subsequent collateral proceedings.  Solemn declarations in open court carry a strong presumption of verity." *Blackledge*, 431 U.S. at 73-74.  Therefore, the Court cannot say that the attorney's performance was deficient merely because he was unable to predict the precise effect the plea agreement would have on Petitioner's ultimate sentence.  Further, any prejudice Petitioner might have suffered as a result of his attorney's performance in this regard was cured when the Court conducted an independent inquiry into whether Petitioner understood that his attorney was likely unable to predict the effect of the plea agreement on his sentence before receiving the presentence report. As Petitioner has shown neither deficient performance nor prejudice, claim two must be denied.

**D.    *Claim Three***

In claim three, Petitioner maintains that his attorney ineffectively counseled his decision to

waive his right to appeal or collaterally attack his sentence.  In this regard, Petitioner claims that his attorney advised him of the waiver provision of the plea agreement "five minutes either before his change of plea hearing or his sentencing" and only "briefly explained" the waiver before Petitioner signed it.  (Doc. 1 at 10.)  Petitioner argues that his youth and unfamiliarity with the legal system required more than a brief explanation of the waiver provision, and, had he been more thoroughly informed of the effect of the waiver provision on his case, he would not have pled guilty or waived his right to appeal.

As in claim two, the Court finds that Petitioner's words under oath belie his instant contention in claim three.  The record shows that at the change of plea hearing, the Court specifically questioned Petitioner about whether he understood the waiver provision, whether he had discussed it with his attorney, and whether he had any questions about the waiver.  (Criminal Case Doc. 38 at 12-13.)  Petitioner, under oath, responded that he understood the provision, had discussed it with his attorney, and had no questions. *Id.*  The Court conducted a thorough inquiry into Petitioner's understanding of the waiver provision of the plea agreement, and at no time did Petitioner express to the Court that he had not had enough time to consider the full effect of the waiver.  Thus, Petitioner can show no prejudice.

Because Petitioner cannot demonstrate that he was prejudiced by his attorney's failure to adequately explain the waiver provision of the plea agreement, the Court need not decide whether the attorney's performance in this regard was deficient.  *See Grayson v. Thompson*, 257 F.3d 1194, 1225 (11th Cir. 2001) ("In this case, we need not decide whether counsel's performance was in fact deficient because Grayson so clearly fails to satisfy the prejudice prong of the Sixth Amendment analysis.").  Consequently, claim three must also be denied.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.      The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C.

§ 2255 filed by Mohamed Ali Al Madfai (Doc. 1) is **DENIED**.

2.      This case is **DISMISSED** with prejudice.

3.      The Clerk of the Court shall enter judgment accordingly and is directed to close

this case.  A certified copy of this Order and the judgment shall also be filed in criminal case

number 6:06-cr-46-Orl-22DAB.

4.      The Clerk of the Court is directed to terminate the § 2255 motion (Criminal Case

Doc. 46) filed in criminal case number 6:06-cr-46-Orl-22DAB.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on March 17, 2008.

Copies furnished to:

Counsel of Record

ANNE C. CONWAY
United States District Judge